IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PARAGON CAPITAL VENTURES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:13-CV-1596-K-BK |
| ROBERT JONES and EVELYN JONES, | § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to the District Court's referral of this case for pretrial management under *Special Order 3*, this cause is before the undersigned for a recommendation on *Paragon Capital Ventures, LLC's Motion to Remand*. (Doc. 7). For the following reasons, Plaintiff's motion should be **GRANTED**.

On April 8, 2013, Plaintiff initiated this action for forcible detainer against *pro se* Defendants in the Justice of the Peace Court after Plaintiff foreclosed on Defendants' real property and Defendants' refused to vacate the premises. (Doc. 7 at 5). On April 25, 2013, Defendants timely filed their *Notice of Removal*, alleging this case involves both federal question and diversity jurisdiction. (Doc. 3 at 2-3). Subsequently, Plaintiffs filed their *Motion to Remand*, arguing that neither federal question nor diversity jurisdiction exists. (Doc. 7 at 1). If Defendants opposed the current motion, their response was due by May 29, 2013. N.D. TEX. L.R. 7.1. To date, Defendants have failed to respond.

*Removal was improper under the forum-defendant rule.*

A suit originally filed in state court is removable to federal court as long as the defendant is not a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). This is

commonly known as the "forum-defendant" rule. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009). Here, Defendants admit in their notice of removal that they are citizens of Texas. (Doc. 3 at 6). Plaintiff timely sought remand.[1] Thus, because Defendants are citizens of Texas and have removed this case to a district court of Texas, removal was improper under section 1441(b).

*The Court lacks subject matter jurisdiction.*

The federal district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331. Contrary to Defendants' assertions that this case involves a federal question (Doc. 3 at 2-3), this forcible detainer action arises under state, not federal law. *See* TEX. PROP. CODE § 24.002 (A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person … is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease); TEX. PROP. CODE § 24.002(a) (state justice court in the precinct in which the real property is located has jurisdiction in forcible detainer suits).

Moreover, Defendants cannot rely on allegations of federal violations in their *Notice of Removal* to confer federal jurisdiction. "Since a defendant may remove a case only if the claim could have been brought in federal court, 28 U.S.C. § 1441(b) … the question for removal jurisdiction must … be determined by reference to the 'well-pleaded complaint.'" *Gromer v. Mack,* 799 F. Supp. 2d 704, 708 (N.D. Tex. 2011) (Fitzwater, C.J.) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)); *see also Bank of New York Mellon v. King*, 3:12-CV-3949-N BF, 2013 WL 875189, at *1 (N.D. Tex. Feb. 12, 2013) (Stickney, M.J.) report and recommendation adopted, 3:12-CV-3949-N BF, 2013 WL 875029 (N.D. Tex. Mar. 11,

---

[1] Because the forum defendant rule is procedural, a motion to remand on that basis must be made within 30 days of the filing of the notice of removal. *In re 1994 Exxon Chemical Fire*, 558 F.3d at 392-393.

2013) (granting remand where federal due process claims arose out of the defendants' "own averments in their Notice of Removal and not from [the plaintiff's] Original Petition, as required under the well-pleaded complaint rule"). Thus, this Court lacks subject matter jurisdiction.

Accordingly, Plaintiff's *Motion to Remand* (Doc. 7) should be **GRANTED**.

**SO RECOMMENDED** on June 12, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE